IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CONFORMIS, INC., <br>    Plaintiff, <br> v. <br>ZIMMER BIOMET HOLDINGS, INC. and ZIMMER, INC., <br>    Defendants. | C. A. No. 19-1528-RGA (CONSOL.) |
| CONFORMIS, INC., <br>    Plaintiff, <br> v. <br>MEDACTA USA, INC. and MEDACTA INTERNATIONAL S.A., <br>    Defendants. | C. A. No. 19-1618-RGA |

**JOINT STATUS REPORT**

In accordance with the Amended Scheduling Order entered December 6, 2021 (*see* D.I. 208 at p.2), and following the Court's June 3, 2022 Memorandum Order resolving Medacta International SA's Partial Motion to Dismiss (D.I. 227), the parties have met and conferred and respectfully submit this Joint Status Report, addressing whether the case schedule should be further modified to accommodate discovery and a trial with respect to defendant Medacta International S.A.

Fact Discovery

- Conformis and Medacta International will engage in a shortened supplemental fact discovery period focused on issues of damages, willfulness, and inducement of approximately ninety (90) days, as set forth below.

- Conformis will specify within five (5) days of the schedule being entered certain requests for document production previously served by Conformis on February 5, 2021 (*see* D.I. 117). Medacta International will respond to those requests for production

within twenty-one (21) days thereafter and begin producing documents as soon as reasonably practicable.

- Conformis will specify within five (5) days of the schedule being entered certain interrogatories and requests for admission previously served by Conformis on April 23, 2021 (*see* D.I. 142). Medacta International will respond to those discovery requests within thirty (30) days thereafter.

- During the supplemental fact discovery period, Conformis and Medacta International will be permitted to serve any remaining interrogatories or requests for admission consistent with the limits imposed by the Scheduling Order (i.e., 1 interrogatory for Conformis, 3 interrogatories and 30 requests for admission for Medacta International).[1] Medacta International may also request supplementation of interrogatories or requests for admission previously-served by Medacta USA to address, for example, newly produced information and Conformis's contentions relating to Medacta International. **[CONFORMIS'S POSITION:** Requests for admission and interrogatories served by the parties, and requests for supplementation by Medacta International will be limited to damages, inducement, and willfulness.**]**[2]  **[MEDACTA'S POSITION:** Requests for admission and interrogatories served by the parties, and requests for supplementation by Medacta International <u>need not</u> be limited to damages, inducement,

---

[1] Conformis reserves the right to seek leave to propound additional discovery requests should discovery from Medacta International so require. Medacta likewise reserved the right to seek leave to propound additional discovery requests if necessary.

[2] <u>Statement By Conformis:</u> As Medacta had a full opportunity to serve discovery on issues of validity and infringement, Conformis objects to any proposal that provides Medacta International with a one-sided opportunity to reopen those issues as inconsistent with the parties' agreement to focus on issues of damages, willfulness, and inducement.

and willfulness.]³  Medacta USA will also produce information, in equivalent detail to what was provided through April 30, 2020, sufficient for Medacta USA and Conformis to update their damages calculations through the expiration of the patents-in-suit.

- The parties will substantially complete document production within sixty (60) days of the schedule being entered.

- The parties will have thirty (30) days to conduct additional fact depositions limited to addressing newly produced information.

Expert Discovery

- Conformis and Medacta International will engage in a shortened supplemental expert discovery period of approximately ninety (90) days, as set forth below.

- Within thirty (30) days of the close of fact discovery, the parties will be permitted to serve supplemental opening expert reports limited to addressing Medacta International or newly produced information **[CONFORMIS'S POSITION:** regarding damages, willfulness, and inducement**]**.  The parties will be permitted to serve supplemental responsive expert reports limited to addressing Medacta International or newly produced information **[CONFORMIS'S POSITION:** regarding damages, willfulness,

---

³ <u>Statement By Medacta:</u> Conformis proposes one-sided supplemental discovery that permits discovery regarding only damages, inducement, and willfulness—*i.e.*, issues for which Conformis would like additional information to support Conformis's claims—while precluding Medacta International from seeking any discovery that could support Medacta International's defenses (*e.g.*, invalidity).  Although Medacta International has not participated in discovery to date, in the interests of streamlining the case, Medacta International would agree to forgo entirely reopening discovery on those other case issues so long as it may serve the remaining interrogatories and requests for admission available to defendants under the Scheduling Order as it deems appropriate to clarify Conformis's positions and (hopefully) narrow the disputed issues. Considering that Medacta International expects to respond to numerous interrogatories and requests for production from Conformis, it does not see how this limited request to serve defendants' remaining interrogatories and requests for admission would be disproportionate.

and inducement] within thirty (30) days.  For avoidance of doubt, supplemental expert reports may not be used to amend and/or supplement prior opinions in ways that are not related to Medacta International or dependent upon the newly produced **[CONFORMIS'S POSITION:** damages, willfulness, and inducement**]** information (*e.g.*, to revise or clarify prior opinions subject to *Daubert* motions).  However, as part of their supplemental expert reports, Conformis and Medacta USA will bring their prior damages calculations up to date (i.e., through the expiration of the patents-in-suit).

- The parties will then have thirty (30) days to complete supplemental expert depositions limited to addressing newly produced information and supplemental opinions.

Dispositive Motions and Trial

- The briefing on the parties' summary judgment and *Daubert* motions, currently scheduled to be completed with reply briefs on July 8, 2022, will be paused. The parties shall be permitted to file amended or supplemental summary judgment and *Daubert* motions within ten (10) business days after the close of the new expert discovery period limited to addressing newly produced information. For avoidance of doubt, amended and supplemental summary judgment and *Daubert* motions may not be used to amend and/or supplement prior briefing in ways that is not dependent upon the newly produced damages, willfulness, and inducement information or supplemental expert opinions or to expand or change the issues on which the parties moved. The timing of the briefing shall proceed according to the Local Rules. Absent a further order of the Court upon a showing of good cause, each side is still limited to one forty-page opening brief, one forty page answering brief, and one twenty-page reply brief for all of its summary judgment and *Daubert* motions. If a party chooses

not to amend or supplement its summary judgment and *Daubert* motions, then its reply brief shall be due within ten (10) business days after the close of expert discovery.

- Consistent with the six (6) months of additional fact and expert discovery, the five (5) day jury trial would be rescheduled from October 31, 2022 to the Court's earliest available date following completion of the schedule above and allowing sufficient time for the Court to decide summary judgment and *Daubert* motions, allowing trial to proceed simultaneously against Medacta USA, Inc. and Medacta International.

* * * * *

A proposed form of Amended Scheduling Order is submitted herewith, indicating the parties' competing proposals where appropriate.

DATED: July 1, 2022

| YOUNG CONAWAY STARGATT & TAYLOR LLP | MORGAN, LEWIS & BOCKIUS LLP |
|---|---|
| */s/ Karen L. Pascale* | */s/ Amy M. Dudash* |
| Karen L. Pascale (#2903) | Amy M. Dudash (# 5741) |
| Robert M. Vrana (#5666) | Kelsey A. Bomar (#6641) |
| Rodney Square | 1201 N. Market Street, Suite 2201 |
| 1000 North King Street | Wilmington, DE 19801 |
| Wilmington, DE 19801 | (302) 574-3000 |
| (302) 571-6600 | amy.dudash@morganlewis.com |
| kpascale@ycst.com | kelsey.bomar@morganlewis.com |
| rvrana@ycst.com | *Attorneys for Defendants, Medacta USA, Inc. and Medacta International SA* |
| *Attorneys for Plaintiff, Conformis, Inc.* | |